# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,

          Case No. 3:04-cr-041
          also Civil Case No. 3:05-cv-135

          District Judge Walter Herbert Rice
  -vs-          Chief Magistrate Judge Michael R. Merz

ARNOLD SATTERWHITE,

      Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court for initial review of Defendant's Motion to Vacate Sentence pursuant to 28 U.S.C. §2255.  Defendant contends he made a plea agreement for a sentencing range of 37 to 46 months, but that he was in fact sentenced to 60 months.

The docket reflects that Defendant was indicted on one count of possessing a firearm after having been convicted of a felony (Indictment, Doc. No. 11).  Thereafter, with the advice of counsel, he entered into a written plea agreement which provided that the offense to which he was pleading, the same offense charged in the Indictment, carried a maximum penalty of ten years imprisonment. He further indicated that he understood that he would be sentenced under the United States Sentencing Guidelines, that the Probation Department would make a recommendation about where he fit in those Guidelines, but that the Court was not bound by that recommendation.  Thus the Pleas Agreement (Doc. No. 22) does not reflect any agreement for less than sixty months or indeed for less than the ten-year maximum.  It may be, as Defendant contends, that his counsel and the Assistant United States Attorney assigned to the case miscalculated in what they expected the Guideline

1

Sentencing range to be, but no promise of that range was made to the Defendant, nor did he attempt to withdraw his guilty plea when he learned the Court would impose a 60-month sentence, nor did he appeal from that sentence.

In addition to claiming that the Plea Agreement was not kept, Defendant makes a claim under *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738; 160 L. Ed. 2d 621 (2005), presumably having to do with the fact that the trial judge determined the facts upon which the sentence was based. However, the Booker decision is not applicable to cases on collateral review (i.e., cases brought under 28 U.S.C. §2255).  *Humphress v. United States*, 398 F. 3d 855 (6th Cir. 2005).

Mr. Satterwhite's §2255 Motion is not well taken and should be denied with prejudice. He should also be denied the privilege of appealing *in forma pauperis* and any certificate of appealability because the conclusions in this Report are not debatable among reasonable jurists.

April 25, 2005.

                                                                              s/ **Michael R. Merz**
                                                    Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).